James L. Palmer v. Commissioner.
Palmer v. Commissioner
Docket No. 5187-67.
United States Tax Court
T.C. Memo 1968-270; 1968 Tax Ct. Memo LEXIS 33; 27 T.C.M. (CCH) 1451; T.C.M. (RIA) 68270; November 25, 1968. Filed *33 Fred M. Thomas, for the petitioner. David L. Miller, for the respondent. RAUM
Memoradum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in petitioner's income tax as follows: Year
Deficiency
1963
$807.45
1964
826.23
1965
808.66 Certain facts have been stipulated, and they are incorporated herein by this reference. Petitioner was a resident of Massachusetts when the petition herein was filed. Prior to April 24, 1963, petitioner was married to Jacqueline C. Palmer; they resided in a house owned by both of them in Miami, Florida. They had six children. They were divorced on April 24, 1963. As part of the divorce settlement petitioner quitclaimed his interest in the house to Jacqueline. Prior to the divorce he paid all the expenses of the household and furnished all the support for the six children. After the divorce, he paid certain stipulated expenses for the support of the children. Jacqueline remarried sometime later in 1963. The question for decision is whether the Commissioner properly disallowed the dependency exemption for each of the six children which petitioner claimed in his returns for each *34 of the years 1963-1965. This in turn depends upon whether petitioner furnished more than one-half the support for the children during these years. The burden of proof is upon him. Although the stipulated facts established the amount of support furnished by petitioner, the record is highly unsatisfactory as to the total support of the children after Jacqueline's remarriage, and we must conclude that petitioner has failed to carry his burden as to 1964 and 1965. The situation as to 1963 is somewhat different, and though the matter may not be entirely clear, we have concluded, on balance, that petitioner did furnish more than 50 percent of the support of his six children for 1963. We so find as a fact. Dccision will be entered for petitioner for 1963 and for the respondent for 1964 and 1965.